## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40433

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2019

Lyle W. Cayce
Clerk

CHARLIE BROWN HERITAGE FOUNDATION,

Plaintiff - Appellant

v.

COLUMBIA BRAZORIA INDEPENDENT SCHOOL DISTRICT; COLUMBIA BRAZORIA INDEPENDENT BOARD OF TRUSTEES; CITY OF WEST COLUMBIA; DEBBIE SUTHERLAND,

Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CV-346

Before CLEMENT, DUNCAN, and OLDHAM, Circuit Judges.

PER CURIAM:*

This lawsuit arises from a dispute over ownership of school facilities and property located in southeast Texas. On one side is the non-profit corporation which owns the property and on the other is the school district which donated the property to the corporation but then—some years later—sought to reclaim it. The corporation sued the school district and others, alleging discrimination.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40433

But because of errors by the corporation's attorney (who also serves as the corporation's president), the district court granted summary judgment to the defendants. We now affirm.

## I.

In 2007, the Columbia-Brazoria Independent School District gifted property and facilities formerly known as the Charlie Brown School to the Charlie Brown Heritage Foundation, a 501(c)(3) non-profit corporation. According to the parties, Charlie Brown was a former slave who became a millionaire and donated land to the School District for the purpose of starting a school. As required by Texas law, the deed conveying the property included a reversionary clause which provided that if the Foundation did not use the property solely for non-profit, public purposes aimed at furthering the historical significance of the school, ownership would revert to the School District.

In 2015, Debbie Sutherland, the City Manager of West Columbia (where the Charlie Brown School is located), sent a letter to the School District's superintendent informing him that the property had fallen into a state of disrepair. The letter further stated that the IRS had revoked the Foundation's non-profit status. Several months later, the School District sent a letter to the Foundation stating that because the Foundation had failed to maintain the property and had lost its tax-exempt status, title to the property had reverted to the School District. The School District filed suit in Texas state court for trespass to try title, seeking a declaratory judgment to that effect.

In response, the Foundation brought its own lawsuit in federal court, accusing the School District of federal Equal Protection and Due Process violations, defamation, committing a taking without compensation, and breaking state law. In the course of several amendments to the Foundation's

complaint, the City of West Columbia and Sutherland were added as defendants.

At some point after the federal suit was filed, for reasons undisclosed in the record, the School District voluntarily dismissed the state court suit with prejudice. It is worth noting that the IRS had retroactively reinstated the Foundation's 501(c)(3) status in the interim. Regardless of the reason for dismissing the suit, however, the School District's current position is that ownership of the property and the Charlie Brown School remains—and has always remained—with the Foundation. Notwithstanding the School District's change of heart, the federal litigation has continued apace.

The Foundation's attorney in federal court was Veronica Davis. In addition to serving as counsel for the organization, Davis is also its president. In her initial disclosures, she self-designated as a material fact witness with "information regarding the organization and all matters relevant to these proceedings." Davis was the sole representative of the Foundation when the School District donated the property in 2007. Hers is the only name appearing for the Foundation on the deed. Davis actually included herself as a party to the lawsuit, though the district court ultimately dismissed her for lack of standing.

Based on her dual role as both counsel and witness, the district court expressed concern during a docket call as to whether Davis's representation of the Foundation posed a potential conflict of interest for her. In particular, Judge Hanks worried that her representation might run afoul of Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct. That rule, with certain exceptions, forbids an attorney from acting as an advocate in a matter if she believes she may be a necessary witness. *See* TEX. DISC. R. PROF. CONDUCT § 3.08(a). In response to those concerns, Davis voluntarily withdrew as counsel

3

of record and another attorney, William Jones, subsequently filed a notice of appearance on behalf of the Foundation.

Nevertheless, and despite a second admonition from the court at a subsequent hearing, Davis continued to sign and file pleadings on behalf of the Foundation. Although Judge Hanks noted the inexplicable nature of Davis's continued filings, he continued to accept and consider them. Or at least, he did not reject them out of hand simply because they were filed by Davis. Instead, the district court ultimately declined to consider certain pleadings filed by Davis for a different reason: they were late.

In response to motions for summary judgment filed by the defendants, Judge Hanks ordered the Foundation to file a response by June 27, 2017. Shortly before midnight on that date, Davis filed a response on the Foundation's behalf. The response contained no exhibits. Although she later claimed that the document was only a draft and that it had been filed in error, Davis notified neither the court nor opposing counsel of her mistake. The defendants filed replies to the Foundation's response on July 5. Then, fifteen days later—more than three weeks after the initial response was filed—Davis filed a "corrected" response to the motions. The new response was 60 pages long, which the district court explained exceeded by 35 pages the length permitted by the court's local rules. The response also added almost 150 pages of previously unseen exhibits and new arguments.

Unsurprisingly, the court did not look kindly on Davis's behavior. *See Charlie Brown Heritage Found. v. Columbia Brazoria Indep. Sch. Dist.*, 2018 WL 2059203, at *4 (S.D. Tex. May 3, 2018) ("In the past, in the interest of justice, the Court has been extremely lenient with Davis's untimely and 'incomplete' filings. Today, that leniency comes to an end."). It struck from the record the Foundation's late response, as well as an even-later-filed surreply.

4

No. 18-40433

That meant that the only response to the summary-judgment motions on record was the Foundation's initial, exhibit-less response. Absent a genuine dispute of material fact, the court ruled against the Foundation on all federal claims. The court declined to exercise supplemental jurisdiction over the remaining state-law claims, dismissing them without prejudice.

## II.

Inexplicably, Veronica Davis continues to represent the Foundation in this litigation. As with the pleadings presented to the district court, the appellate brief filed by petitioner in this court was signed by Davis. Also like the pleadings filed before the district court, the brief "can only be described as nebulous, meandering, and conclusory." *Id.* at *3. The Foundation appears to take issue with almost every decision rendered by the district court.

We do not agree with the Foundation. Although Davis devotes some time to arguing that her representation of the Foundation does not violate Rule 3.08, that line of argument is irrelevant. The district court did not bar Davis from representing the Foundation; she voluntarily withdrew. In any event, Judge Hanks never refused to consider a pleading filed by the Foundation solely because it was filed by Davis. He instead struck the pleadings because he found that Davis willfully abused the judicial process. *Id.* at *4.

The district court's decision to strike a pleading from the record is reviewed for abuse of discretion. *See Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007); *Grabowski v. Carver*, 38 F.3d 5693 (5th Cir. 1994). There was no abuse of discretion here. As the district court's explanation of the situation demonstrates, Davis had repeatedly filed such "placeholder" filings without consequence. *See Charlie Brown Heritage Found.*, 2018 WL 2059203, at *4, *2 n.11. The court's action was entirely appropriate.

5

No. 18-40433

Without any evidence to support the Foundation's claim of a genuine fact dispute, the district court was correct to grant summary judgment to the defendants. As for the previously dismissed claims—the takings and due process claims—the court was also correct that because there was no taking of property, those claims must fail.

AFFIRMED.